# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### NORTHERN DIVISION

No. 2:13-CR-00024-F-1
No. 2:16-CV-00041-F

ROBERT EBEY TAYLOR,    )
     Petitioner    )
          )
v.         )   O R D E R
          )
UNITED STATES OF AMERICA,  )
     Respondent.   )
          )

This matter is before the court on the Government's Motion to Dismiss [DE-41] Robert Ebey Taylor's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-34]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED and Taylor's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On October 24, 2013, Taylor was charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1]. At Taylor's arraignment, held on March 10, 2014, he pled guilty to the Indictment pursuant to a written plea agreement [DE-21].

Taylor's sentencing was held on June 3, 2014, and he was sentenced to 135 months' imprisonment. *See* Judgment [DE-27]. Taylor did not file a direct appeal.

On June 24, 2016, Taylor filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-34]. Taylor argues that his statutory enhancement under the Armed Career Criminal Act ("ACCA") violates the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Vacate [DE-34] at 4. On September 7, 2016, the Government

filed a Motion to Dismiss [DE-41], arguing that dismissal is warranted because Taylor has failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

Under the ACCA, a defendant "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another," triggers an increased statutory minimum and maximum. 18 U.S.C. § 924(e)(1). A "violent felony" is defined

2

as follows:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in *Johnson* held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. The Supreme Court, however, did not strike the four enumerated offenses found in 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson*, 135 S. Ct. at 2563; *Craig v. United States*, Nos. 3:15-CV-344-FDW, 3:07-CR-44-FDW-1, 2016 WL 183495, at \*2 (W.D.N.C. Jan. 14, 2016). Burglary is an enumerated offense. *See* 18 U.S.C. § 924(e)(2)(B)(ii).

Taylor has at least three convictions that qualify as burglary. Specifically, Taylor has three separate North Carolina breaking and entering convictions that occurred on occasions different from one another.[1] *See* Rev. PSR at 6, ¶ 17 (breaking and entering and possession of stolen goods or

---

[1] The Fourth Circuit Court of Appeals has held that the offense of breaking and entering qualifies as a burglary under § 924(e). *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir.

property); Rev. PSR at 8, ¶ 26 (obtaining property by false pretense, breaking and entering, and larceny after breaking and entering); Rev. PSR at 9, ¶ 27 (breaking and entering, larceny after breaking and entering). Moreover, Taylor received a sentence in excess of one year for each conviction that qualifies as burglary.

In light of Taylor's three convictions that qualify as burglary, *Johnson* does not impact his status under the ACCA. Consequently, Taylor is not entitled to relief.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-41] is ALLOWED and Taylor's Motion to Vacate [DE-34] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, the petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 6 day of October, 2016.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge

---

2014).

4