IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:13-CR-00024-F-1
No. 2:16-CV-00041-F

| | |
|---|---|
| ROBERT EBEY TAYLOR, ) | |
| Petitioner ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on Robert Ebey Taylor's Motion to Alter or Amend a Judgment [DE-47], which the court construes as a motion for reconsideration. In his motion, Taylor renews arguments made in his Motion to Vacate pursuant to 28 U.S.C. § 2255.

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. Fed. R. Civ. P. 59(e). Although the rule itself does not set forth any guidelines as to when such a motion should be allowed, the Fourth Circuit Court of Appeals has recognized three grounds for amending a judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." *Sloas v. CSX Transp., Inc.*, 616 F.3d 380, 385 n.2 (4th Cir. 2010) (alteration added and citation omitted). "It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). A "district court has considerable discretion in deciding whether to modify or amend a judgment." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008).

Following a review of the record and the court's October 6, 2016 Order [DE-45], the

court sees no meritorious reason to disturb its ruling. Accordingly, Taylor's Motion to Alter or Amend a Judgment [DE-47] is DENIED.

SO ORDERED.

This, the 4 day of November, 2016

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2